```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
GOOD MARINER, LLC,                 )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 24-152 WES
                                   )
ACCELERANT SPECIALTY INSURANCE     )
COMPANY, et al.,                   )
                                   )
        Defendants.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") has moved to dismiss Plaintiff Good Mariner, LLC's ("Good Mariner") contract-based claims against it, arguing that the claims are not plausible because no contract ever existed between the two parties. Def.'s Mot. Dismiss, ECF No. 24; Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem. L.") 1-2, ECF No. 24-1. Separately, Good Mariner has submitted a Motion for Leave to Amend the Second Amended Complaint ("Motion to Amend"), ECF No. 22. For the reasons given below, Sedgwick's Motion to Dismiss is GRANTED and Good Mariner's Motion to Amend is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Of the universe of Good Mariner's pleaded facts, only a

handful of them are necessary to resolve the pending motions. The Court thus sets forth those adjudicative facts in summary fashion and omits a lengthy recitation of this case. See Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ."); Colony Place S., Inc., v. Volvo Car USA, LLC, 121 F.4th 973, 978 (1st Cir. 2024).

First, Good Mariner owns a vessel for which it "contracted for a marine insurance policy" (the "Policy") with Defendant Accelerant Specialty Insurance Company ("Accelerant") and Defendant Certain Underwriters at Lloyd's of London Subscribing to Cover Note No. B0507RN2300289 ("Lloyd's Syndicates"). 2d Am. Compl. ¶¶ 12, 20, ECF No. 21.

Second, in 2023 "the Vessel fortuitously and inexplicably caught fire and was consequently destroyed." Id. ¶ 26.

Third, Good Mariner immediately submitted claims to recover losses it alleges are covered under the Policy. Id. ¶ 27. After a lengthy investigation, Defendants still "have not made a coverage determination" on those claims or paid for other costs related to the fire incident. Id. ¶¶ 29-51.

Fourth and finally, Sedgwick "is a third-party administrator" – contracted by Accelerant and Lloyd's Syndicates to provide claims handling services (under the "Handling Contract") – that handled

2

Good Mariner's insurance claims. Id. ¶¶ 61-63.

**II. DISCUSSION**

Good Mariner's charges against Sedgwick are animated by its belief that Sedgwick mishandled its insurance claims. 2d Am. Compl. ¶¶ 88-119, 174-181. For that, Good Mariner accuses Sedgwick of breach of the covenant of good faith and fair dealing in violation of the Policy (Counts III and IV of the Second Amended Complaint). Id. ¶¶ 88-119. Good Mariner also accuses Sedgwick of breach of contract in violation of the Handling Contract (Counts IX and X). Id. ¶¶ 174-181. Sedgwick moves to dismiss all these claims under Rule 12(b)(6), arguing that they are not plausible because Sedgwick and Good Mariner were never in a contractual relationship. Def.'s Mem. L. 1-2. Good Mariner also moves to amend its Second Amended Complaint with additional facts. See Mot. Amend.

   **A. Sedgwick's Motion to Dismiss**

      **1. Legal Standard**

To survive Sedgwick's Motion to Dismiss, Good Mariner's operative Complaint "must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is not met if its pleaded facts are too "meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture."

3

Seifer v. Gov't Emps. Ins. Co., 2022 WL 1538276, at *2 (1st Cir. May 13, 2022) (quoting Squeri v. Mount Ida Coll., 954 F.3d 56, 66 (1st Cir. 2020)). For Good Mariner's contract-based claims, it must "state with substantial certainty the facts showing the existence of the contract[s] and the legal effect thereof." See id. (internal quotation marks omitted) (quoting Squeri, 954 F.3d at 71).

### 2. Choice of Law

To assess the plausibility of Good Mariner's claims, the Court turns to contract law. And because jurisdiction in this case draws from the diverse citizenship of the parties, the Court must use the governing state law on the issue. FinSight I LP v. Seaver, 50 F.4th 226, 230 (1st Cir. 2022).

Here, Good Mariner says New York law governs, while Sedgwick argues for Rhode Island law. Pl.'s Resp. Mot. Dismiss ("Resp.") 5, ECF No. 29; Def.'s Mem. L. 5-6. But Sedgwick also believes there is no conflict between the two jurisdictions as to the questions now presented and fully develops its argument under New York law. Def.'s Br. Reply Further Supp. Mot. Dismiss ("Reply") 3-5, ECF No. 31. Accordingly, the Court will apply New York law without conducting a choice-of-law analysis. See FinSight, 50 F.4th at 230; Adrien Logistics LLC v. Certain Underwriters at Lloyd's London, 658 F. Supp. 3d 160, 165 (S.D.N.Y. 2023) (noting that in circumstances like this one, New York law does not require

4

a choice-of-law analysis).

### 3. Claims for Breach of the Covenant of Good Faith and Fair Dealing under the Policy

Under New York law, Good Mariner's claims under the Policy for breach of the covenant of good faith and fair dealing are viewed simply as claims for breach of contract. See 1555 Jefferson Rd. LLC v. Travelers Prop. Casualty Co. of Am., 733 F. Supp. 3d 164, 168 (W.D.N.Y. 2024) (first citing Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004), and then citing Goldmark, Inc. v. Catlin Syndicate Ltd., 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011)). A plausible claim for breach of contract "must show '(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages.'" Wiener v. AXA Equitable Life Ins. Co., 113 F.4th 201, 214 (2d Cir. 2024) (quoting Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011)).

Good Mariner argues that it has pleaded sufficient facts to sustain plausible claims against Sedgwick for breaching the Policy, despite Sedgwick not being a named party to that agreement. Resp. 6. As for that apparent defect, Good Mariner asserts that the two parties are "in privity of contract" because Sedgwick is a "third-party administrator responsible for, and contractually obligated to, provide claims handling services" under the separate

5

Handling Contract.  Am. Compl. ¶¶ 58-61; see Resp. 6.

But New York courts have long held that "where there is a disclosed principal-agent relationship and the contract relates to a matter of the agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal."  See Gov't Emps. Ins. Co. v. Saco, No. 12-CV-5633, 2015 WL 4656512, at *4 (E.D.N.Y. Aug. 5, 2015) (quoting Mencher v. Weiss, 114 N.E.2d 177, 179 (N.Y. 1953)).  For this reason, New York courts have routinely rejected liability for insurance adjustors and administrators acting as agents of insurers.  Id. (collecting cases).

Against this time-honored tenet of New York contract law, Good Mariner provides no responsive argument or contrary authority.  See generally Resp.  Its pleaded facts show that Sedgwick is an agent of Accelerant and Lloyd's Syndicates, and that the Policy relates to a matter of the agency, i.e., processing insurance claims.  But its facts do not show an intent by Sedgwick to be personally bound under the Policy, in addition to or instead of Accelerant and Lloyd's Syndicates.  Thus, Good Mariner's claims for breach of the covenant of good faith and fair dealing under the Policy are not plausible.

### 4. Claims for Breach of Contract under the Handling Contract

Good Mariner also contends that it has pleaded sufficient facts to maintain plausible claims against Sedgwick for breaching the Handling Contract, despite alleging that agreement to be among Sedgwick, Accelerant, and Lloyd's Syndicates. Resp. 6-7. Neither Accelerant nor Lloyd's Syndicates is suing Sedgwick for breaching the Handling Contract. Yet Good Mariner maintains that it may do so because it is an intended third-party beneficiary of that agreement. Id.

Under New York law, "the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract." Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 86 (2d Cir. 2014) (first citing Mendel v. Henry Phipps Plaza W. Inc., 844 N.E.2d 748, 751 (N.Y. 2006), and then citing Restatement (Second) of Contracts § 315 (Am. L. Inst. 1981)). "A party asserting rights as a third-party beneficiary 'must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit and (3) that the benefit to [it] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [it] if the benefit is lost.'" Merlino v. Knudson, 184 N.Y.S.3d 820, 823 (N.Y. App. Div. 3d, 2023)

(alterations in original) (quoting Mendel, 844 N.E.2d at 751).

"Courts generally have recognized a third party's right to enforce a contract in two situations: when the third party is the only one who could recover for the breach of contract or when it is otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party." Id. at 824 (quoting Old Crompond Rd., LLC v. County of Westchester, 162 N.Y.S.3d 71, 74 (N.Y. App. Div. 2d, 2022)).

Good Mariner argues that it is an intended third-party beneficiary of the Handling Contract because "[w]hen Defendants entered into their [Handling Contract], part of that bargain was ensuring that [Good Mariner] receive assistance from Sedgwick in the handling of any submitted claims." Resp. 6. Further, "there is simply no other party or entity otherwise responsible for processing a submitted claim by [Good Mariner], the insured, further evidencing the fact that [Good Mariner] was an intended third-party beneficiary of the [Handling Contract]." Id.

Good Mariner's argument misses the mark. Like the plaintiffs in Merlino, Good Mariner fails to allege that it is the only one who could recover for the supposed breach of contract, or that there was an intent between the contracting parties to allow Good Mariner to enforce the contract. 184 N.Y.S.3d at 824. Also like the plaintiffs in Merlino, Good Mariner "fail[s] to assert any factual allegations to support [its] conclusory allegation" that

8

it is a third-party beneficiary of the contract. Id. And to the extent that it benefitted from the Handling Contract, that benefit was no more than incidental. Indeed, Good Mariner itself appears to recognize this fact. 2d Am. Compl. ¶ 71 ("[Good Mariner] is an incidental third-party beneficiary to the Handling Contract.").

Good Mariner's reliance on the case of Logan-Baldwin to support its argument is misplaced. See Resp. 4 (citing Logan-Baldwin v. L.S.M. Gen. Contractors, Inc., 942 N.Y.S.2d 718 (N.Y. App. Div. 4th, 2012)). While the Logan-Baldwin court found that the plaintiffs were third-party beneficiaries of a contract between a general contractor and a sub-contractor, that finding was expressly cabined to the unique circumstances and case law related to suits by property owners against subcontractors who perform direct construction services on their property. 942 N.Y.S.2d at 719-21. The facts of that case are not analogous to those presented here.

Simply put, Good Mariner has not pleaded sufficient facts to show that it is either a named party to the Handling Contract or an intended third-party beneficiary of it. As a result, its claims against Sedgwick for breach of the Handling Contract are not plausible.

**B. Good Mariner's Motion to Amend**

Good Mariner seeks to add additional detail to its Second Amended Complaint as to the type and nature of damages it alleges

9

to have suffered, based on recent discoveries. Mot. Amend 2. Its motion gives sufficient justification for the amendment, and Defendants do not identify any unfair prejudice that they will experience in consequence of the amended pleading. See Defs.' Resp. Mot. Amend, ECF No. 27. Accordingly, the Court finds that Good Mariner has good cause to amend its operative Complaint. See Fed. R. Civ. P. 15(a)(2).

But the Court notes that it has reviewed the proposed Third Amended Complaint and finds in it nothing that changes its analysis of Sedgwick's Motion to Dismiss. Thus, leave is granted to amend the Second Amended Complaint only as it relates to Accelerant and Lloyd's Syndicates.

**IV. CONCLUSION**

For these reasons, Sedgwick's Motion to Dismiss, ECF No. 24 is GRANTED, and Counts III, IV, IX, and X of Good Mariner's Second Amended Complaint, ECF No. 21, are DISMISSED. Good Mariner's Motion for Leave to Amend the Second Amended Complaint is GRANTED in part and DENIED in part.

Good Mariner shall submit a revised Third Amended Complaint in accordance with this Order within fourteen days. Accelerant and Lloyd's Syndicates are directed to file a responsive pleading to the Third Amended Complaint within fourteen days of receipt. Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Senior District Judge
Date: February 24, 2025